IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERAIL MYRICK, <br> No. M-48781, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | Case No. 15-cv-00430-NJR |
| CANTINA FOOD SERVICES, <br> THOMAS A. SPILLER, <br> SUZANN BRILEY, <br> TY BATES, and <br> DR. SHAH, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jerail Myrick is an inmate currently housed in Pinckneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to being denied breakfast, being served too much soy, and receiving fewer than 1,800 calories each day.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined any jail, prison or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also*

*Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). Under Section 1997e(a), a prisoner's suit must be dismissed if it is determined that administrative remedies have not been exhausted. *See Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532 (7th Cir. 1999). Exhaustion is a precondition to filing suit, so that an attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004); *Perez,* 182 F.3d at 536–537.

Although failure to exhaust administrative remedies is usually an affirmative defense, an action must be dismissed when it is clear from the face of the complaint that the plaintiff has not exhausted his available remedies.

According to the complaint, Plaintiff entered the Illinois Department of Corrections ("IDOC") in November 2014. One month later, he filed grievances (precisely where and about what is not clear), but he was transferred after complaining about a soy-based diet—suggesting his grievances were about the soy-based diet. Plaintiff arrived at Pinckneyville Correctional Center on March 6, 2015, and resubmitted his grievances on April 1, 2015. The complaint was signed on April 12, 2015, and filed on April 17. Clearly, the grievances were not exhausted. The grievance officer has two months to respond, and that is only the first step in the process. *See* 20 ILL. ADMIN. CODE §§ 504.830, *et seq*. Thus, the complaint was filed even before it could be said that the administrative process had been rendered unavailable.

Insofar as Plaintiff indicates he filed grievances while at another institution, it is not apparent how those grievances pertain to the present complaint. The complaint alleges that there was a conspiracy among the defendant officials, some of whom are IDOC administrative officials, some—Warden Spiller and Dr. Shah—work at Pinckneyville Correctional Center. The claims regarding only being fed two meals/1,800 calories each day are particular to

Pinckneyville (*see* Doc. 1, p. 6). Although the complaint indicates that Plaintiff has been served a soy-based diet since he entered the IDOC in November 2014, the alleged harm occurred at Pinckneyville (*see* Doc. 1, p. 8). The only allegation of individual involvement pertains to Dr. Shah. More to the point, Dr. Shah did not interact with Plaintiff, and no conspiracy among the four defendant officials could have commenced, until Plaintiff arrived at Pinckneyville. As already noted, the grievances lodged at Pinckneyville were not properly exhausted because the time for the grievance officer to act had not run out before Plaintiff filed this case.

**IT IS THEREFORE ORDERED** that, for the reasons stated, Plaintiff Myrick's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to exhaust administrative remedies, as required under 42 U.S.C. § 1997e(a). Plaintiff's motions for counsel and service of process at government expense (Docs. 3, 4) are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly. No "strike" shall be assessed for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: May 8, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**